

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| ROBERT D. WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.: 1:23-cv-900-LKG |
| v. | ) | |
| | ) | Dated:  February 10, 2026 |
| | ) | |
| WARDEN RONALD S. WEBER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Self-represented Petitioner Robert D. Woods, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the calculation of the sentences for his 2009 and 2010 convictions in the Circuit Courts for Montgomery County and Baltimore City, Maryland for three counts of second-degree burglary, two counts of malicious destruction of property, and one count of theft.  ECF No. 1, ECF No. 1-1 at 4.  Respondent filed an Answer arguing Woods' claim is unexhausted and, alternatively, lacks merit.  ECF No. 8.  Woods responded.  ECF No. 9.

For the reasons that follow, the Petition shall be **DISMISSED** without prejudice as unexhausted and a certificate of appealability shall not issue.

### I.    BACKGROUND

Woods, a state inmate, contends that Maryland Division of Correction employees have failed to correctly compute his sentence. ECF No. 1.

Woods was committed to the custody of the Commissioner of Correction by the Circuit Court for Baltimore County on September 10, 2009, in case number 03-K-08-003296. ECF No. 8-2. He was sentenced to serve 10 years on a second-degree burglary count, and 3 years on a count of malicious destruction of property, to run "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences." *Id.* The result of the proceeding was a term of confinement with a start date of September 10, 2009, and a maximum expiration date of July 22, 2018. *See* Md. Code Ann., Corr. Servs. § 3-701-(2)(i) (defining term of confinement as "the

period from the first day of the sentences that begins first through the last day of the sentence that ends last, for ... concurrent sentences"); Md. Code Regs. 12.02.06.01(B)(12) (defining maximum expiration date as "the date that an inmate's term of confinement expires"); *see also* ECF No. 8-1 (sentence calculation worksheet).

On October 27, 2009, Woods was sentenced by the Circuit Court for Baltimore City to 9 years, 11 months, and 22 days for one count of second-degree burglary, in case number 2033403961. ECF No. 8-3. The sentence was to run "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences." *Id.* As a result of this sentence, Woods' maximum expiration date was extended to July 22, 2021. ECF No. 8-1. *See* Md. Code Ann., Corr. Servs. § 3-701-(2)(iii) (defining term of confinement as "the period from the first day of the sentence that begins first through the last day of the sentence that ends last, for ... consecutive sentences").

On January 5, 2010, Woods was sentenced by the Circuit Court for Baltimore City to 15 years for one count of second-degree burglary in case number 108284037. ECF No. 8-4. He was also sentenced of 18 months for theft and 3 years for malicious destruction of property, each to be served concurrently with the burglary count. *Id.* As a result of this sentence, Woods' maximum expiration date was extended to March 26, 2045. ECF No. 8-1. Md. Code Ann., Corr. Servs. § 3-701-(2)(i) and (iii) (defining term of confinement as "the period from the first day of the sentence that begins first through the last day of the sentence that ends last, for ... concurrent [and] consecutive sentences").[1]

Pursuant to Md. Code Ann., Corr. Servs. § 3-701-711, Woods has been awarded 4,264 diminution of confinement credits. ECF No. 8-6. After subtracting the diminution credits from Woods' March 26, 2045, maximum expiration date, his anticipated mandatory supervision release date is February 28, 2031. *Id.*

The record reflects that Woods filed state writs of habeas corpus in Allegany and Baltimore Counties, but both were dismissed for failure to comply with the Maryland rules governing writs of habeas corpus. ECF No. 1-1 at 7-9. There is no indication that Woods appealed the dismissals to either the Appellate Court of Maryland or the Supreme Court of

---

[1]   The amended commitment order, issued on January 10, 2010, corrected an error in the commitment record dated January 5, 2010, which mistakenly listed count 5, for theft under $500, as count 3. *See* ECF No. 8-5. The amended order had no impact on Woods' maximum expiration date.

Maryland. The record also reflects that Woods issued a request pursuant to the Maryland Public Information Act to the Department of Public Safety and Correctional Services for information related to sentence calculation (ECF No. 9-1 at 1), but there is no indication that Woods filed a grievance with the Inmate Grievance Office (also known as the Incarcerated Individual Grievance Office).

## II.    Analysis

Assuming Woods has presented a federal question here, his petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Thus, before seeking federal habeas corpus relief, Woods must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Appellate Court of Maryland and, where appropriate, the Supreme Court of Maryland. *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Woods may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office. *See generally Adamson v. Corr. Med. Servs., Inc.*, 359 Md. 238 (2000); Md. Code Ann., Corr. Servs. § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id.* at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id.* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). Woods may thereafter seek review in the Appellate Court of Maryland by application for leave to appeal, *id.* at § 10-210(c)(2), and, if the Appellate Court of Maryland grants the application for leave to appeal but denies relief on the

merits, he may then seek review in the Supreme Court of Maryland by petition for writ of
*certiorari. See Williams v. State*, 292 Md. 201 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-
202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a
colorable claim that he or she has served the entire sentence less any mandatory [diminution]
credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus.
*See Maryland House of Correction v. Fields*, 348 Md. 245 (1997), *abrogated by Moats v. Scott*,
358 Md. 593 (2000)). The inmate may appeal a circuit court's decision denying habeas corpus
relief to the Appellate Court of Maryland and may thereafter seek *certiorari* in the Supreme
Court of Maryland. *See generally Stouffer v. Pearson*, 390 Md. 36 (2005); *Stouffer v. Staton*, 152
Md. App. 586 (2003); *Jones v. Filbert*, 155 Md. App. 568 (2004).

There is no indication that Woods made any effort to properly exhaust his administrative
remedies. The record reflects that Woods initiated writs of habeas corpus in Allegany and
Baltimore Counties, but both were summarily dismissed and there is no indication that he made
any effort to appeal these decisions. As such, this Court may not entertain the issues presented in
the Petition while the Maryland courts have not had the opportunity to review fully the claims
raised. Accordingly, the habeas corpus relief requested will be denied without prejudice and
dismissed as unexhausted.[2]

### III.    Conclusion

When a district court dismisses a habeas petition solely on procedural grounds, a
certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that
jurists of reason would find it debatable whether the petition states a valid claim of the denial of
a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district
court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001)
(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

---

[2]    Woods is advised that should he exhaust his state administrative and judicial remedies and seek to raise
these same issues before this court, the petition will be construed and docketed as a petition for writ of habeas
corpus filed pursuant to 28 U.S.C. § 2254. "[R]egardless of how they are styled, federal habeas petitions of prisoners
who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'
... even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016).
Challenges to administrative rules, decisions, and procedures applied to a state sentence are challenges to the
execution of a sentence and must be raised in a § 2254 petition. Woods is reminded that the statutory requirements
that apply to § 2254 petitions include a one-year limitations period, an exhaustion requirement, and a procedural pre-
filing restriction on second or successive petitions.

Woods may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition without prejudice and declining to issue a certificate of appealability follows.[3]

2-9-26
Date

LYDIA KAY GRIGGSBY
United States District Judge

---

[3]    In light of the foregoing, Woods' Motion for Appointment of Counsel (ECF No. 12) will be denied as moot.